## UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA
## CASE NO. 1:10-cv-23704-JLK

| | |
|---|---|
| **DORIAN KALLEN** | ) |
| | ) |
| **Plaintiff,** | )**Case No. 10-cv-23704 KING/BANDSTRA** |
| | ) |
| **v.** | ) |
| | ) |
| **J.R. EIGHT, INC., a Florida Corporation** | ) |
| **d/b/a JOHNNY ROCKETS, and** | ) |
| **AVENTURA MALL VENTURE., a Florida** | ) |
| **General Partnership,** | ) |
| | ) |
| **Defendants.** | ) |
| _____ | ) |

### DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S REQUEST FOR TEMPORARY INJUNCTION TO CLOSE THE SUBJECT FACILITY (D.E. 19), MOTION TO DISMISS DORIAN KALLEN'S COMPLAINT AS MOOT, AND REQUEST FOR SANCTIONS

Defendants, J.R. EIGHT, INC ("JRE") and Aventura Mall Venture ("AMV") (collectively referred to as "Defendants"), by and through undersigned counsel and pursuant to Fed.R.Civ.P. 12(b)(1), hereby file their MEMORANDUM OF LAW IN OPPOSITION TO PLAINTIFF'S MOTION FOR TEMPORARY INJUNCTION TO CLOSE THE SUBJECT FACILITY (D.E. 19), MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT AS MOOT, and REQUEST FOR SANCTIONS (the "Motion")  and in support thereof, state as follows:

### INTRODUCTION

Plaintiff cannot demonstrate any grounds for the issuance of a preliminary injunction in this case, nor can he even provide grounds to maintain the instant action for declaratory and injunctive relief.  In his Amended Complaint, Plaintiff, Dorian Kallen ("Plaintiff") alleged that Defendants discriminated against him in violation of 42 U.S.C. §12181, Title III of the Americans with

Disabilities Act (the "ADA"), because of certain alleged barriers at the Johnny Rockets restaurant located in Aventura Mall, 19501 Biscayne Boulevard, 3240A, Aventura, Florida 33180 (the "Subject Facility") in violation of Title III of the ADA. Despite the fact that Defendants' counsel has repeatedly advised Plaintiff that the deficiencies alleged to have existed at the Subject Facility have been remedied, and despite the rigorous standard for obtaining a preliminary injunction, Plaintiff has filed a futile and completely unsupported "Motion for Temporary Injunction" for the extraordinary relief of closing down the Subject Facility.

Plaintiff's specific allegations listed in ¶¶12a-q of the Complaint, generally alleges certain relatively minor infractions which Plaintiff alleged denied him access to the "full and equal enjoyment of the goods, services, facilities, privileges, advantages and/or accommodations" of the Subject Facility. For example, the purported technical deficiencies which are alleged to be in violation of the ADA, are relatively simple fixes, which include *inter alia*, missing accessibility signage, the height of soap and towel dispensers, inaccessible stall door locks and toilet flushing controls. Despite the fact that J.R. Eight, Inc. has never before been cited for, nor received any complaint that its establishment denied access to disabled individuals in violation of the ADA, Defendants undertook swift steps to make sure that its establishment was compliant with the ADA and accessible to wheelchair bound patrons. To that end, Defendants have corrected all of the alleged Title III violations, to the extent they existed, and therefore Plaintiff's claims are rendered moot and Plaintiff's motion to obtain emergency relief is frivolous and has only been filed to provoke and oppress Defendants.

Had Plaintiff or its counsel bothered to visit the Subject Facility, it would find that Plaintiff and any other wheelchair bound individuals wishing to patronize Defendants' establishment have free access to the Subject Facility. All of the alleged barriers have been remedied. Plaintiff's Motion for a Temporary Injunction and his Amended Complaint for Declaratory Action and Preliminary Injunction

are completely frivolous and should therefore be dismissed with prejudice.  Further, Plaintiff should be required to pay Defendants' costs and attorneys' fees for such clearly vexatious, oppressive, and abusive litigation practices.

### STATEMENT OF FACTS

Prior to the Amended Complaint, the Subject Facility's has **never** in its history spanning well over a decade, received a complaint, a notice or citation for failure to comply with the ADA.  *See* ¶12, Declaration of Edward Theosevis (Theosevis Decl.), a true and correct copy of which is attached hereto as Exhibit "A."  Nevertheless, Plaintiff filed a Complaint alleging that he attempted to enjoy the services available at the Subject Facility and was allegedly prevented from doing so as a result of certain specified barriers he encountered.  Complaint (D.E. 18).  Shortly after Plaintiff filed its Amended Complaint, alleging technical violations of the ADA and its regulations, Defendants undertook immediate steps to ensure that the Subject Facility was brought in compliance with ADA requirements and that it was accessible to wheelchair bound patrons, including, engaging the services of an ADA expert and Architect and correcting any deficiencies that existed.  Theosevis Decl. ¶¶9-10.

In its Amended Complaint, Plaintiff alleges that the serving counter located in the Subject Facility is higher than 36 inches above the finished floor in violation of the requirements of 28 C.F.R. Part 36, Section 5.2.  ¶12a Complaint (D.E. 18).  However, wait service is provided throughout the entire Subject Facility which takes and provides food orders so there is no need to access the serving counter/bar area.  Theosevis Decl. ¶11; *see also*, ¶¶9-10, Edward D. Levinson Declaration, a true and correct copy of which is attached as Exhibit "B."  Similarly, Plaintiff also claims that Defendants have failed to provide an accessible cash register at the Subject Facility and condiments at the serving counter/bar area at the Subject Facility.  ¶¶12d-e Complaint (D.E. 18).  Again, the wait staff at the Subject Facility takes and provides all orders and there is no need to access a cash register, since all

3

customers, including able-bodied customers, pay the wait staff directly at their tables. *See* Theosevis Decl. ¶11; Levinson Decl. ¶¶9-10 All condiments are also provided at all tables, wheelchair accessible or otherwise, and missing condiments are brought to the table by Defendants' wait staff. *See* Theosevis Decl. ¶11; Levinson Decl. ¶¶9-10. Despite Plaintiff's claim that Defendants' juke boxes are inaccessible and in violation of the ADA, such juke boxes are for decorative purposes only and are nonoperational. ¶12(f) Complaint (D.E. 18); Levinson Decl. ¶11. Plaintiff also states that Defendants have failed to provide a stable, slip resistant pathway at the Subject Facility and points to a non-attached carpet as creating a dangerous condition. ¶12(g) Complaint (D.E. 18). However, Defendants have placed a non-slip, rubber backed, non-attached carpet to ***prevent*** slipping, which is necessary to ensure the safety of all its patrons, including its wheelchair bound patrons. *See* Levinson Decl. ¶12. Another technical deficiency raised by Plaintiff's Complaint is a lack of accessibility signage and proper signage addressing people with disabilities throughout the restaurant. See ¶¶12(h), (l)-(p) Complaint (D.E. 18). Defendants have properly corrected these deficiencies by installing the appropriate and compliant signage throughout the Subject Facility, including, *inter alia*, signage addressing accessible services, directional and informational signage, and new emergency exit signage. *See* Levinson Decl. ¶13. Finally, Defendants have also corrected the deficiencies in its restroom handicap stall, including adjusting the height of the paper towel dispenser and the height of the soap dispenser, and providing accessible restroom stall door locks and accessible toilet flushing controls. Levinson Decl. ¶¶14. In addition, and although no specific allegation was made in the Complaint, Defendants have ensured that all door hinges and closers were cleaned and lubricated to ensure accessibility under the ADA. Levinson Decl. ¶¶15. The Subject Facility is readily accessible to wheelchair bound individuals such as Plaintiff and is in strict compliance with Title III of the ADA. Levinson Decl. ¶¶16-18; *see also*, Edward D. Levinson's Inspection Report, a true and correct copy of

4

which is attached as Exhibit "C."

Based on the foregoing facts, its is clear that Plaintiff cannot meet the prerequisites for the granting of a preliminary injunction much less proceed with the instant lawsuit

## CITATIONS OF AUTHORITY

### A.    STANDARD FOR PRELIMINARY INJUNCTION

A preliminary injunction is a drastic and extraordinary remedy that must be sparingly granted. *Bashman v. Freda*, 805 F.Supp. 930, 932 (M.D. Fla. 1992), *affirmed by Bashman v. Freda*, 985 F.2d 579 (11th Cir. 1993); *U.S. v. Jefferson County*, 720 F.2d 1511, 1519 (11th Cir. 1983).  In the Eleventh Circuit, a court may not issue a preliminary injunction unless all of the following requisites are satisfied: (1) the plaintiff has a substantial likelihood of success on the merits of its case; (2) irreparable injury will be suffered unless the injunction issues; (3) the threatened injury to the movant is greater than any damage the proposed injunction may cause the opposing party; and (4) the injunction, if issued, will serve the public interest.  *Siegel v. LePore*, 234 F.3d 1163, 1176 (11th Cir. 2000).[1]  In the instant dispute, as fully illustrated below, Plaintiff cannot establish any of the prerequisites for granting a temporary restraining order ("TRO") or preliminary injunction, especially where Plaintiff's entire Complaint has been rendered moot.

---

1 The elements for a temporary restraining order are essentially the same as those for a preliminary injunction.  *Hernandez v. Board of Regents by Univ. of Fla.*, 1997 U.S. Dist.LEXIS 9950 (S.D. Fla. 1997); *see also International Food & Beverage Systems v. Ft. Lauderdale*, 724 F.Supp. 942, 943 (S.D. Fla. 1989).  Plaintiff's Motion is titled "Temporary Injunction" and not Preliminary Injunction or Temporary Restraining Order thus it is not clear what relief Plaintiff is actually seeking. In the event that Plaintiff's Motion is converted to a Motion for Temporary Restraining Order instead of a Motion for Preliminary Injunction, the same arguments presented here are applicable.

     *(i)*    *It is axiomatic that there can be no likelihood for success on the merits if there is no longer any existing case or controversy in this action.*

In order to establish that the extraordinary relief of a preliminary injunction is warranted, Plaintiff must make a definitive showing that it has a substantial likelihood of success on the merits. *Carillon Imports v. Frank Pesce Int'l Group, Ltd.,* 112 F.3d 1125, 1126 (11th Cir. 1997).  The Plaintiff must make a clear or substantial showing of a likelihood of success.  *See Summum v. Pleasant Grove City*, 483 F.3d 1044, 1048-49 (10th Cir. 2007).  This is an insurmountable obstacle for Plaintiff because Defendant has remedied the complained of barriers. *See Motlow v. McNeil*,  Case No. 09-14157-civ-GRAHAM, 210 WL 1540071 (Fla. S.D. Feb. 10, 2010) (denying plaintiff's motion for temporary restraining order because there was no longer any case or controversy).

It is well established and accepted that once a defendant remedies alleged ADA deficiencies, the plaintiff's claim under Title III becomes moot. *Chambers v. Zesto Enterprises, Inc.*, Case No. 1:09-cv-0292-WSD, 2009 WL 3200682 *3 (N.D. Ga. 2009);  *Pickern v. Best Western Cove Lodge Marina Resort*, 194 F. Supp. 2d 1128, 1130 (E.D. Cal. 2002) (defendant's successful remediation efforts following initiation of lawsuit rendered ADA claim for injunctive relief moot); *Cole v. Nat'l Collegiate Athletic Ass'n*, 120 F.Supp.2d 1060, 1068 (N.D. Ga. 2000) (finding that because defendant made the modifications that remedied the alleged barriers, the plaintiff's claims were moot);  *Brother v. CPL Investments, Inc.*, 317 F.Supp.2d 1358, 1373 (S.D. Fla. 2004) (same).

The violations alleged in Plaintiff's Amended Complaint have all been corrected to the extent they prevented Plaintiff's equal access and enjoyment of the Subject Facility.  Levinson Decl. ¶¶17-18; *see also*, Exhibit C, Edward D. Levinson's Inspection Report.  Specifically, Defendants have installed the compliant and requisite signage required throughout the restaurant.  Levinson Decl. ¶¶3. Defendants have corrected all deficiencies in its restrooms, including adjusting the paper towel

dispenser, soap dispenser, installed compliant restroom stall door locks and toilet flushing controls. Levinson Decl. ¶14.  As to the allegations regarding Defendants' serving/bar counter, accessible seating is located throughout Defendants' restaurant including the mall area of the Subject Facility, an integral part and extension of the restaurant.  Levinson Decl. ¶16.  Further, all of Defendants' patrons pay the wait staff, so there is no need to access a cash register, and all condiments are provided at the tables, including accessible tables, so there is no need to access the serving counter/bar area. Levinson Decl. ¶9-10.  Defendants have provided a slip resistant and accessible pathway within the Subject Facility and there are no inaccessible routes at the Subject Facility.  Levinson Decl. ¶12. Given Defendants' successful remedial efforts, Plaintiff cannot demonstrate any likelihood that he will succeed on the merits of his case.

> (ii)    *There Can Be No Threat of Irreparable Injury Because Defendants Have Cured the Alleged Infractions Complained of.*

"A showing of irreparable harm is the *sine qua non* of injunctive relief. The injury must neither be remote nor speculative, but actual or imminent." <u>Northeastern Florida Chapter of The Ass'n of General Contractors of America v. City of Jacksonville, Florida,</u> 896 F.2d 1283, 1285 (11th Cir. 1990); *see also, Siegel v. Lepore*, 234 F.3d 1163, 1176 (11th Cir. 2000).  "A clear showing of an imminent irreparable injury is an **absolute necessity**."  *Land-Cellular Corp. v. Zokaites*, 463 F.Supp. 2d 1348, 1358 (S.D. Fla. 2006)[emphasis supplied] (*quoting Zokaites v. Land-Cellular Corp.*, 424 F.Supp.2d 824, 832 (W.D. Pa. 2006)).   Based upon the record before this Court, it is clear that Plaintiff cannot establish the essential predicate for the issuance of TRO or preliminary injunction: he will suffer irreparable harm as a result of Defendants' continued operation of the Subject Facility.

Plaintiff has failed to provide this Court with any evidentiary basis that there is a realistic threat of irreparable harm.  Plaintiff filed a naked Motion for TRO or preliminary injunction to close

down Defendants' restaurant, with not even a single affidavit or other evidence demonstrating that immediate and irreparable injury will in fact occur.  This alone is grounds to deny Plaintiff's Motion.  *See Waller v. City of St. Petersburgh*, 2005 WL 2416024 *2 (M.D. Fla. Sept. 30, 2005) (holding that plaintiff's conclusory allegations or irreparable harm without any detailed evidence of the nature or the extent of the prospective harm is grounds for denial of preliminary injunction).  The clear and demonstrable record evidence proves that no irreparable harm is present because Defendants have fixed the alleged deficiencies.  Levinson Decl. ¶17-18; *see also*, Edward D. Levinson's Inspection Report.

Plaintiff's hyperbole and unsupported allegations do nothing to refute the hard and concrete evidence demonstrating that Defendants have remedied the alleged architectural barriers and deficiencies Plaintiff complains of, eliminating any harm that may have existed.  *See* CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE §2949 (2d ed. 2009) ("Evidence that goes beyond the unverified allegations of the pleadings and motion papers **must** be presented to support or oppose a motion for preliminary injunction")[emphasis supplied]; *Societe comptoir De L'Industrie Cotonniere, Etablissements Boussac v. Alexander's Dep't Stores, Inc,*. 190 F.Supp. 594 (S.D.N.Y. 1961) ("As support for a preliminary injunction the court can consider only facts presented by affidavit or testimony").  Because the record evidence demonstrates that the alleged deficiencies no longer exist, Plaintiff plainly cannot establish the fundamental prerequisite of irreparable harm for a preliminary injunction to issue in this case.

### (iii) The Balance of Hardships is Distinctly in Defendants' Favor

The issuance of an injunction, while resulting in no harm to Plaintiff, will cause immediate and unquantifiable damage to Defendants, especially Defendant J.R. Eight, Inc the owner and operator of the Subject Facility.  If Plaintiff's Motion is granted and the Subject Facility is shut down

it will cost in excess of $4,000 per day in lost sales and other losses, in addition to, *inter alia*, the wages and tips J.R. Eight, Inc.'s employees would have earned, as well as, unquantifiable damages in consumer confidence as a result of the abrupt shut down of the Subject Facility and the potential loss of jobs.  *See* Theosevis Decl. ¶13.  Especially in the current economic climate, the public may perceive that Defendant J.R. Eight, Inc. is in financial trouble, has been shut down because of health or safety hazards and may decline to visit the establishment in the future.  Shutting down the Subject Facility will also place J.R. Eight, Inc. in breach of its lease obligations and franchise agreement. Theosevis Decl. ¶13.  Such ramifications would be patently unjust and clearly excessive where Defendants have already undertaken to fix the alleged deficiencies, and in light of the fact that there has never before been a complaint that Defendants' restaurant was inaccessible or posed a safety risk to the disabled.  Thus, neither Plaintiff nor the public will experience any harm from the continued operation of the Subject Facility.  It has operated for over a decade with nary a complaint from a single individual, disabled or otherwise, that they have been denied access or that the Subject Facility is in violation of Title III of the ADA.  In fact, it is against public interest for an injunction to issue without substantial evidence warranting such extraordinary relief.  Even in the remote possibility that Plaintiff can demonstrate that all of the complained of barriers have not been removed, the complained of barriers do not require serious construction efforts and therefore do not justify the closing down of the restaurant and the loss of thousands of dollars to Defendant J.R. Eight, Inc., and an unquantifiable amount in damage to consumer confidence and goodwill.  *See generally*, Levinson Declaration and Exhibit C-Edward D. Levinson's Inspection Report.

Based on the foregoing, it is clear that the balance of harm overwhelmingly weighs in Defendants' favor.

**B.    PLAINTIFF ONLY HAS STANDING TO SUE ON THOSE BARRIERS WHICH PLAINTIFF HAD ACTUAL KNOWLEDGE OF.**

Plaintiff is simply not entitled to go into Defendants' premises to cook up additional bases for his Motion that he did not encounter at the time he filed the Complaint.  It is well settled that Plaintiff only has standing with respect to those barriers of which Plaintiff had actual knowledge at the time the Complaint was filed. *Access Now, Inc. v. South Florida Stadium Corp.*, 161 F.Supp.2d 1357, 1365-66 (S.D. Fla. 2001); *Resnick v. Magical Cruise Co., Ltd.*, 148 F.Supp.2d 1298, 1302 (M.D. Fla. 2001); *Brother v. CPL Investments, Inc.*, 317 F.Supp.2d 1358, 1368 (S.D. Fla. 2004) ("Without actual knowledge of barriers, [Plaintiff has] not suffered an "injury in fact" which establishes standing at the time of the filing of the complaint").  Thus, although, ¶13 of Plaintiff's Amended Complaint alleges that "upon information and belief there are other violations" that Plaintiff will identify upon a "full inspection,"  Plaintiff only has standing to sue with respect the barriers alleged in the Amended Complaint.

Defendants have remedied the violations alleged in the Amended Complaint, **_Plaintiff's exclusive basis for injunctive relief_**.  Plaintiff's request to close down the restaurant to conduct a Rule 34 inspection is completely unwarranted, unsupported by case law or the facts in this case. *See Lepore*, 234 F.3d at 1176 (irreparable harm must be "actual and imminent"); *Curves International v. Mosbarger*, 525 F.Supp. 2d 1310, 1314-15 (M.D. Ala. 2007) (allegations that harm may occur in the future are not enough to establish irreparable harm for the purposes of injunctive relief); *Zokaites*, 424 F.Supp.2d at 832 ("a risk of future irreparable harm is not enough; rather the movant must make a showing of immediate irreparable injury").  There is simply no remaining basis for Plaintiff to pursue injunctive relief, much less the especially extraordinary relief of closing down the Subject Facility.

This Court should therefore deny Plaintiff's extraordinary request to shut down the Subject Facility so that it can conduct a Rule 34 inspection.

### C.   THIS COURT NO LONGER HAS JURISDICTION OVER THIS ACTION BECAUSE PLAINTIFF'S CLAIMS ARE MOOT.

If events occur subsequent to a lawsuit which deprive the court of the ability to give the plaintiff meaningful relief, then the case is moot and must be dismissed.  *Troiano v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1281-1282 (11th Cir. 2004) ("**A moot case is nonjusticiable and Article III courts lack subject matter jurisdiction to entertain it.**")[emphasis supplied].  An actual controversy must exist at the time the mootness question is reviewed, and not simply at the date when the action was commenced.  *See* 1 Fed. Proc. L. Ed. §1.19.

As explained and demonstrated by the overwhelming record evidence in this case *supra*, the allegations in Plaintiff's Amended Complaint have been mooted and Plaintiff's claims must be dismissed forthwith.  S*ee Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F.Supp.2d 1359 (Fla. S.D. 2006) (*reversed and remanded on other grounds by, Access 4 All, Inc. v. Casa Marina Owner, LLC,* 264 Fed.Appx. 795 (11th Cir. Feb.5, 2008); *see also Chambers v. Zesto Enterprises, Inc.*, Case No. 1:09-cv-0292-WSD, 2009 WL 3200682 (N.D. Ga. 2009) (dismissing the plaintiff's complaint alleging barriers under Title III of the ADA as moot and finding, "once a defendant remedies any alleged deficiencies, a plaintiff's claim becomes moot").  Further, there is no reasonable possibility that Defendants will undo the improvements they have put in place, Plaintiff is not entitled to damages under Title III of the ADA, nor did he request any, and attorneys' fees are not warranted unless Plaintiff prevails on the merits of his claim.[2]  *Casa Marina Owner, LLC*, 458 F.Supp. 2d at

---

2 There is no further relief that can be provided by this Court on a Title III ADA claim.  An individual bringing a claim under Title III of the ADA can only pursue injunctive relief because monetary damages are only available in actions initiated by the Attorney General.  *Jairath v. Dyer*, 154 F.3d

\*1365-66; *see also*, *Buckhannon Board and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources et al.*, 532 U.S. 598, 121 S.Ct. 1835, 149 L.Ed.2d 855 (2001) (Plaintiff is not entitled to prevailing party attorneys' fees and costs unless he secures judgment on the merits or court-ordered consent decree).  Moreover, Plaintiff's request to conduct a Rule 34 inspection must also be denied because it does not preserve standing or a case or controversy sufficient to keep Plaintiff's claims alive.  *See generally CPL Investments, Inc.*, 317 F.Supp.2d at 1368.

Because Plaintiff does not have standing to sue with regards to speculative barriers that caused no injury to him at the time he filed his initial Complaint, and the alleged deficiencies have been remedied by Defendants, there is no existing case or controversy and Plaintiff's Amended Complaint must be dismissed as moot.  *See* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject matter jurisdiction, the court must dismiss the action.").

### D. IF A RESTRAINING ORDER OR INJUNCTION IS ISSUED, THE COURT SHOULD REQUIRE A SUBSTANTIAL BOND

Rule 65(c), Fed. R.Civ. P., requires that "[n]o restraining order or preliminary injunction shall issue except upon the giving of security by the applicant, in such sum as the court deems proper, for the payment of such costs and damages as may be incurred or suffered by any party who is found to have been wrongfully enjoined or restrained."

In an abundance of caution, Defendants request that if this Court is inclined to issue an injunction, the Court should require a substantial bond, in an amount sufficient to compensate Defendants for the time it is required to close its business, which will amount to a minimum of $10,000 per day, which includes an estimate of J.R. Eight, Inc.'s lost sales and an amount sufficient to compensate its employees' for their lost wages and tips.

---

1280, 1283, n.7 (11th Cir. 1998).

### E.      REQUEST FOR SANCTIONS

Federal courts have inherent power to impose sanctions against both attorneys and parties for "bad faith" conduct in litigation.  The court's inherent powers are "governed not by rule or statute but by the control necessarily vested in courts to manage their own affairs so as to achieve the orderly and expeditious disposition of cases."  *Chambers v. NASCO, Inc.,*  501 U.S. 32, 43 (1991).  Bad faith conduct "may be sanctioned under the court even if it is also sanctionable under other rules, such as Rule 11 or 28 U.S.C. §1927."  *Id.* at 46-48.   Bad faith conduct occurs where the party or counsel acts "vexatiously, wantonly or for oppressive reasons."  *Id.* at 45-46.  The presence of a meritorious claim or defense does not prevent a finding of "bad faith."  *Mark Industries, Ltd. v. Sea Captain Choice, Inc.,* 50 F.3d 730, 732 (9th Cir. 1995).  "Bad faith" may be found not only in the claims asserted but also in the *conduct* of the litigation.  *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 764-66 (1980); *see also, TeleVideo Systems, Inc. v. Heidenthal*, 826 F.2d 915, 916 (9th Cir. 1987) ("Courts have inherent equitable power to impose terminating sanctions (dismissal or default) for abusive litigation practices.")

In the instant dispute, it is clear that Plaintiff, presumably on advise of counsel, has filed a scandalously frivolous, unmeritorious and unwarranted motion for preliminary injunction in the face of clear evidence that there is no existing case or controversy.  Tellingly, Plaintiff did not provide an affidavit or any evidentiary basis, nor can he, that could justify the extraordinary remedy he requests of closing down the Subject Facility.  Instead of engaging in a meaningful conference with counsel as required by the Federal Rules of Civil Procedure and the Local Rules, an especially critical precondition when requesting the extraordinary relief of a preliminary injunction, Plaintiff's counsel sent an email simply stating that he intends to file a preliminary injunction and inquiring whether Defendant would object.  Had Plaintiff and his counsel done a minimal amount of due diligence

13

before seeking the extraordinary relief requested by his Motion, he would have found that such a request was unnecessary and a waste of the parties' and this Court's time and resources. Defendants have notified Plaintiff on numerous occasions that the Subject Facility is compliant, and that the required improvements have been made. Despite such knowledge, Plaintiff and/or his counsel failed to engage in a modicum of diligence and impetuously filed his madcap Motion for Temporary Injunction to shut down Defendants' Subject Facility. It is clear that Plaintiff and/or his counsel's sole endeavor is to escalate the cost of this litigation and bludgeon Defendants into submission to elicit an inflated and unwarranted settlement.

Plaintiff's counsel's conduct is certainly sanctionable in the face of his complete disregard for the parties' and this Court's time and resources and Defendants hereby request that this Court award costs and attorneys' fees against Plaintiff and/or his counsel.

## CONCLUSION

**For all the foregoing reasons**, Plaintiff's claims have been rendered moot and Defendant, J.R. EIGHT, INC ("JRE") respectfully requests that this Honorable Court: (1) DENY Plaintiff's Motion for Temporary Injunction to Close Down the Subject Facility and Deny Access to the General Public; (2) DISMISS Plaintiff's Amended Complaint (D.E. 18) with prejudice as moot; (3) SANCTION Plaintiff and/or his counsel for bad faith litigation conduct and award Defendants its attorneys' fees and costs; and grant such other and further relief as this Honorable Court deems just and proper.

**ATTORNEY SIGNATURE ON FOLLOWING PAGE**

## <u>CERTIFICATE OF COMPLIANCE</u>

Pursuant to Local Rule 7.1(a)(3)(A), the undersigned counsel certifies that she has conferred with all parties or non-parties who may be affected by the relief sought in the motion in a good faith effort to resolve the issues raised in the motion and has been unable to do so.

Dated: March 4, 2011

/s/ Devona A. Reynolds
Devona A. Reynolds (Fla. Bar. No. 70409)
dreynolds@zarcolaw.com
ZARCO EINHORN SALKOWSKI & BRITO, PA
100 SE 2nd Street, Suite 2700
Miami, Florida 33131
Telephone:  (305) 374-5418
Telecopier: (305) 374-5428
*Counsel for Defendant J.R. Eight, Inc. and Aventura Mall Venture*

15

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on March 4, 2011, I electronically served the forgoing document on all counsel of record in the manner specified either via transmission of Notices of Electronic Filing generated by CM/ECF or by electronic mail and United States Mail for those counsel who are not authorized to receive electronically Notices of Electronic Filing.

/s/ DEVONA A. REYNOLDS

16

## <u>SERVICE LIST</u>

**Dorian Kallen v. J.R. Eight, Inc.** *et al.*
**Case No. 1:10-CV-23704-JLK**
**United States District Court, Southern District of Florida**

Counsel for Plaintiff:
**Ronald E. Stern, Esq**.
THE ADVOCACY LAW FIRM. P.A.
131 N.E. First Avenue, Suite 105
Hallandale Beach, Florida 33009
Telephone:    (305) 677-2378
Facsimile:      (305) 359-5338
Email: ronstern@hotmail.com

Appearing on behalf of Defendant, Aventura Mall Ventures:
**Scott R. Schomber**
McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A.
1200 Biscayne Boulevard, Ste. 707
Miami, Florida 33181
Phone: (305) 933-5565
Facsimile: (305) 933-5585
Email: sschomber@turnberry.com