UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
MIAMI DIVISION

CASE NO: 10-23704-CIV-KING

DORIAN KALLEN,

      Plaintiff,

v.

J.R. EIGHT, INC. a Florida Corporation,
d/b/a JOHNNY ROCKETS, and AVENTURA
MALL VENTURE, a Florida General Partnership,

      Defendant.

_____/

## FINAL ORDER OF DISMISSAL WITH PREJUDICE

**THIS MATTER** is before the Court upon Defendant J.R. Eight, Inc.'s[1] Motion to

Dismiss Dorian Kallen's Complaint as Moot, and Request for Sanctions (DE #25), filed

March 4, 2011.

Defendant's Motion to Dismiss was filed along with its Response in Opposition to

Plaintiff's Request for Temporary Injunction to Close the Subject Facility (DE #24) for

failure to comply with the Americans With Disabilities Act.[2] On March 9, 2010, the Court

held an Evidentiary Preliminary Injunction hearing, and heard evidence bearing on the issues

---

[1]The other named defendant in this action, Aventura Mall Venture, filed an Answer and
Affirmative Defenses to the Complaint (DE #5) November 12, 2010. Aventura Mall Venture did not join
in the instant Motion.

[2]Plaintiff moved for a Temporary Injunction to Close the Subject Facility February 25, 2011.
(DE #19).

raised in both Plaintiff's Motion for Preliminary Injunction, and Defendant's Motion to Dismiss. (DE #32).  At the conclusion of the hearing, the Court determined that Plaintiff had not produced sufficient evidence to support a grant of injunctive relief. (DE #27).  The Court now determines that the Amended Complaint should be dismissed because the claims therein are either now moot or fail to state a claim upon which relief can be granted.

## I.    Background

Plaintiff is a disabled individual who is confined to a wheelchair. He commenced the instant suit under the Americans with Disabilities Act, 42 U.S.C. § 12101 et seq. ("ADA"). Defendant J.R. Eight, Inc. operates a restaurant that Plaintiff claims discriminates against him and others by failing to remove architectural barriers, in violation of 42 U.S.C. § 12182(b)(2)(A).[3]  Plaintiff's Amended Complaint lists seventeen technical violations of the Americans With Disabilities Act Accessibility Guidelines for Buildings and Facilities, 28 C.F.R. Pt. 36, App. A, commonly referred to as "ADAAG." (DE #1 ¶ 12).  The ADAAG identify minimum technical requirements for compliance with the ADA.

---

[3]  Section 12182(a) provides:

> No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases (or leases to), or operates a place of public accommodation.

42 U.S.C. § 12182(a).

Section 12182(b)(2)(A) then lists examples of conduct, acts, or omissions that constitute discrimination for purposes of the ADA.  The list includes "a failure to remove architectural barriers . . . in existing facilities . . .where such removal is readily achievable." 42 U.S.C. § 12182(b)(2)(A)(iv).

2

Plaintiff alleges in his Complaint that he visited Defendant's restaurant, encountered these architectural barriers, and, as a result, was "denied full and safe equal access to the facilities." *Id.* ¶ 12. Plaintiff further alleges he "would like to return and enjoy the goods and/or services at the Subject Facility on a spontaneous but full and equal basis," but that he is precluded from doing so by the architectural barriers. *Id.* ¶ 13. Neither the initial Complaint nor the Amended Complaint state when Plaintiff visited the restaurant. Plaintiff seeks declaratory and injunctive relief, as well as attorneys' fees.

## II.    The Evidentiary Preliminary Injunction Hearing

Prior to the hearing, Defendant filed its Response in Opposition to Plaintiff's Motion for Temporary Injunction. (DE #24). In the Response, Defendant stated that the deficiencies alleged in the Amended Complaint were "relatively simple fixes" which had already been remedied. *Id.* at p. 2. In support of its statement that the deficiencies had been remedied, Defendant attached the affidavits of its Director of Operations, who is responsible for ensuring compliance with the ADA; an architect specializing in ADA compliance who oversaw the improvements; the architect's final report; and detailed photographs of restaurant demonstrating compliance. (DE #24(1)–(5)). Defendant further stated that all deficiencies had been remedied before the filing of the Amended Complaint, and that Defendant had repeatedly advised Plaintiff that these barriers to access no longer existed. *Id.* Nonetheless, Plaintiff filed the Motion for Temporary Injunction and sought a hearing before the undersigned.

3

At the hearing, Plaintiff conceded that nine of the seventeen ADA violations alleged in the Amended Complaint had been remedied. Therefore, Plaintiff claimed at the hearing that only the following violations stated in the Amended Complaint still existed and restricted access by disabled persons to the restaurant:

    a.    The serving counter located in Subject Facility is higher than 36 inches above the finished floor in violation of [the ADAAG] which requires a maximum height of the counter, or a 60 inch wide portion of it, to be 24 inches maximum height.

    b.    Inaccessible fixed seating in subject facility at bar counter serving area.

    c.    Inaccessible fixed foot rest in subject facility at bar counter serving area.

    d.    Failure to provide accessible cash register in the Subject Facility.

    e.    Failure to provide accessible condiments in the counter area in Subject Facility.

    f.    The countertop juke boxes (music machines) on top of the serving counter in the lounge area of the Subject Facility are higher than 34 inches above the finish [sic] floor.

    g.    Failure to provide a stable, slip-resistant pathway in Subject Facility due to dangerous conditions of non-attached carpet.

    k.    Failure to provide an accessible restroom stall door locking mechanism.

(DE #18 at pp. 5–6).

Plaintiff Kallen did not appear or testify at the hearing.[4] Instead, Plaintiff's counsel

---

[4] At the hearing, Plaintiff's counsel submitted an affidavit signed by Plaintiff explaining his absence from the hearing. The affidavit was not provided to the Court or defense counsel prior to the hearing, and it was never filed on the record. According to the affidavit, Plaintiff's caretaker was in an accident and was unable to transport Plaintiff anywhere. It does not state when the accident occurred,

called Mrs. Buchholz as a witness.  Mrs. Buchholz is married to Harvey A. Buchholz, a disabled person who is confined to a wheelchair.  Mr. Buchholz did not appear or testify at the hearing.  Mrs. Buchholz testified that she and her husband visited Defendants' restaurant, and that she personally observed her husband's encounters with the barriers alleged in the Amended Complaint.  She did not recall the exact date that they visited the restaurant, but approximated that it was around New Year's Eve, 2010.  Mrs. Buchholz testified that her husband was unable to sit at the restaurant's serving counter, had difficulties when seated at a table, and had problems accessing the restroom.

## III.    Discussion and Analysis

The Court has already ruled in open court that a preliminary injunction requiring the closure of Defendant's restaurant is unwarranted.  (DE #32).  Upon careful review of the pleadings, motions and responses, and the evidence presented at the preliminary injunction hearing, the Court further finds that Defendants' restaurant is in compliance with the ADA.

As an initial matter, Plaintiff has not proved that he ever visited Defendant's restaurant and encountered the alleged barriers, and all claims may be dismissed for lack of standing.  *Steger v. Franco, Inc.*, 228 F.3d 889, 892–93 (8th Cir. 2000) (affirming dismissal of claims by plaintiffs who never visited facility, and who had no personal knowledge of

---

and it is unclear why Plaintiff's counsel did not move to reschedule the hearing as a result of Plaintiff's unavailability.  However, Plaintiff does state in the affidavit that he visited the restaurant at issue before initiation of this action, that he is confined to a wheelchair, and that he "personally experienced architectural barriers in violation of the Americans With Disabilities Act which are listed in the Complaint in this action."  Like the initial Complaint and Amended Complaint filed in this action, the affidavit does not state when Plaintiff visited the restaurant.

alleged barriers). Even if Plaintiff had proved that he visited the restaurant, he has not sustained his burden of showing that any architectural barriers exist that result in discrimination against himself and other disabled persons. As a result, Plaintiff's claims must also be dismissed as moot and for failure to state a claim.

## A. This Court's Prior Ruling on This Issue

This Court has presided over a number of ADA cases presenting similar issues. Particularly instructive are the Court's rulings in *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F.Supp. 2d 1359 (S.D. Fla. 2006)[5] and *Association for Disabled Americans, Inc. v. Key Largo Bay Beach, LLC*, 407 F.Supp. 2d 1321 (S.D. Fla. 2005). In both cases, the Court found that Plaintiffs had failed to adequately prove the existence of ADA violations.

In *Casa Marina*, which is particularly on point, Plaintiffs sued a hotel shortly after the Defendant purchased it. 458 F.Supp. 2d at 1361. At the time of the purchase, Defendant put into place a comprehensive plan to remodel the entire facility to bring it into compliance with the ADA. *Id.* At trial, the individual Plaintiff admitted that he did not know about the remedial plan, but that if the plan did exist his lawsuit would serve no purpose. *Id.* at 1361–62. Based on further evidence presented by Defendant, the Court found that the remedial plan had in fact been put into place at the time Defendant purchased the hotel (and

---

[5]The Eleventh Circuit ultimately vacated the Court's Final Order of Dismissal With Prejudice in an unpublished, one-paragraph, per curiam opinion. *Access 4 All, Inc. v. Casa Marina Owner, LLC*, 264 F. App'x 795 (11th Cir. 2008). However, the Eleventh Circuit vacated the Order due to the agreement of the parties, and did not pass on any of this Court's substantive findings or rulings. *See id.* Accordingly, the Court's reasoning and legal basis for dismissal remain undisturbed.

thus, before commencement of Plaintiff's suit). *Id.* at 1363–64. The Court further found that

> Plaintiff[s] . . . and [their] legal counsel failed to undertake any due diligence
> or investigation whatsoever prior to filing their lawsuit against Defendant.
> Had such fundamental and good faith investigation, as required by Rule 11 of
> the Federal Rules of Civil Procedure, been conducted, Plaintiffs and their
> counsel would have discovered . . . this Defendant had already commenced the
> process of planning for a wide-scale renovation, which would have the effect
> of removing all architectural barriers.

*Id.* at 1364.  The existence of the remedial plan meant that "'plaintiff [had] already . . .

received everything to which [he] would be entitled," if his lawsuit were successful, and

there was nothing left for the Court to determine. *Id.* at 1365.  The Court also noted that

"Plaintiff's counsel was expressly told" about the remedial plan by defense counsel,

Defendant's ADA expert, and a hotel representative, prior to the filing of the Complaint. *Id.*

The Court further found "this lawsuit to be frivolous, unreasonable, and groundless." *Id.* at

1368. Accordingly, the Court dismissed Plaintiff's claims as moot and awarded attorneys'

fees to Defendant. *Id.* at 1368.

In *Association for Disabled Americans, Inc. v. Key Largo Bay Beach, LLC*,

individuals and associations of disabled individuals sued a hotel in Key Largo for non-

compliance with the ADA. 407 F.Supp. 2d at 1322. Plaintiffs sued the hotel in spite of two

prior judgments against it requiring that it bring its facilities into compliance with the ADA.

*Id.* After a six-day bench trial, the Court entered a Memorandum Opinion, Findings of Fact

and Conclusions of Law and Final Judgment. *Id.* In a lengthy analysis, the Court reviewed

each alleged violation and found that all alleged barriers to access either did not exist or had

been remedied. 407 F.Supp. 2d 1321. As a result, the Court found that "because these modifications have since been completed, it is unnecessary, in fact futile for the Court to now order the changes made." *Id.* at 1348. The Court denied fees and costs for Plaintiff, and retained jurisdiction to consider a motion by Defendant for fees and costs. *Id.*

## B.   Architectural Barriers at Defendant's Restaurant

### 1.   Barriers Plaintiff Admits are Remedied

Based on the same reasoning as in *Casa Marina*, the Court finds that Plaintiff's claims are subject to dismissal. Because the Parties agree that Defendant has remedied nine of the deficiencies alleged in the Amended Complaint, the Court finds that those nine claims are rendered moot and subject to dismissal for lack of jurisdiction. *Troino v. Supervisor of Elections in Palm Beach County, Fla.*, 382 F.3d 1276, 1281 (11th Cir. 2004) ("A moot case is nonjusticiable and Article III courts lack jurisdiction to entertain it."). "If an ADA plaintiff has already received everything to which he would be entitled, i.e., the challenged conditions have been remedied, then these particular claims are moot *absent any basis for concluding* that plaintiff will again be subjected to the same wrongful conduct by this defendant." *Casa Marina*, 458 F.Supp. 2d at 1365 (quoting *Parr v. L & L Drive-Inn Restaurant*, 96 F.Supp. 2d 1065 (D.Hawai'i 2000)). Like the Plaintiffs in *Casa Marina*, Plaintiff Kallen "ha[s] not, nor can [he] present any competent or reasonable evidence whatsoever to suggest that [he] will again be subjected to the same ADA violations by this Defendant. It is [untenable] for Plaintiff[] to suggest that once the renovations are completed they could be undone." *Id.* at

8

1366. Accordingly, the Court lacks jurisdiction over these claims and they are dismissed.

### 2. Barriers Plaintiff Alleges Still Exist

Based upon the evidence presented at the hearing, the Court also finds that the eight architectural barriers Plaintiff alleges still exist at Defendant's restaurant do not so exist, and that the facility is therefore ADA-compliant.

The first three violations alleged by Plaintiff relate to the serving counter: Plaintiff claims the counter is too high, the fixed seating at the bar counter serving area is inaccessible, and the fixed foot rest at the bar counter serving area is inaccessible. (DE #1, p.4 ¶ 12(a), (b), (c)). While the serving counter may not comply with the technical measurement requirements of the ADAAG, compliance is not required because the counter serving area is not the only seating in the restaurant. Wait service is provided throughout the restaurant at accessible tables, such that there is no need to access the counter in order to eat at the restaurant. The ADAAG expressly provide that counters and bars need not comply with the height requirement for counters if service is "available at accessible tables within the same area." 28 C.F.R. Part 36, Section 5.2. The evidence demonstrates that there is in fact accessible seating, as required by 28 C.F.R. Part 36, Section 5.1 (requiring that in restaurants which have fixed tables, at least 5 percent of the fixed tables be accessible to disabled patrons). *See* DE #24(2) ¶ 15; DE #24(3). Plaintiff cites no portion of the ADAAG that requires accessible fixed seating or an accessible foot rest at a bar counter serving area where the ADAAG's requirement of alternate accessible seating has been met. The Court has

9

found nothing in the ADAAG that would support such a finding. Accordingly, the Court finds that the alleged violations related to the serving counter do not constitute barriers under the ADA.

The next three violations alleged by Plaintiff may be similarly grouped together. Plaintiff alleges that Defendant's restaurant fails to provide an accessible cash register, fails to provide accessible condiments in the counter area, and fails to provide accessible countertop juke boxes on top of the serving counter. (DE #18, p.4 ¶ 12(d), (e), (f)). These allegations are meritless. Wait service is provided by staff throughout the restaurant to both disabled and able-bodied customers. All customers pay wait staff directly, and no customers access a cash register. (DE #24(1) ¶ 11). Similarly, condiments are available at the tables, and wait staff provides any missing condiments to disabled and able-bodied patrons alike. *Id.* Finally, the juke boxes complained of in the Amended Complaint are decorative only, and are non-operational. (DE #24(2) ¶ 10). Neither the ADA nor the ADAAG require a place of public accommodation to make decorative items in public places accessible to everyone. These three alleged deficiencies do not create any difference in the experience of a disabled person at Defendant's restaurant from a non-disabled person. They do not constitute "discriminat[ion] . . . on the basis of disability," and thus are not violations of the ADA. *See* 42 U.S.C. § 12182(a).

Plaintiff additionally alleges that Defendant has "failed to provide a stable, slip resistant pathway . . . due to dangerous conditions of non-attached carpet." (DE #18, p.4 ¶

12(g)).  The ADAAG requires that any carpet or carpet tile used placed on a floor be "securely attached."  28 C.F.R. Part 36, Section 4.5.3.  Defendant has placed a non-slip, rubber-backed carpet tile in  pathways in its restaurant in order to prevent slipping.  (DE #24(2) ¶ 11; DE #24(3)).  The Court finds that such carpeting does not impede access to the restaurant, and is "securely attached" for purposes of the ADAAG.  Furthermore, "the implementing regulations for the ADA specifically recognize that a public accommodation may impose legitimate safety requirements that are necessary for safe operation." *Association for Disabled Americans, Inc. v. Key Largo Bay Beach, LLC*, 407 F.Supp. 2d 1321, 1343 (S.D. Fla. 2005).  The slip-resistant carpet is necessary for the safety of all patrons of Defendant's restaurant.

Lastly, Plaintiff alleges Defendants have failed to provide an accessible restroom stall locking door mechanism.  (DE #18, p.5 ¶12(k)).  Defendants have shown that this has been remedied by installing a sliding bar lock on the restroom stall doors, as well as cleaning and lubricating the door hinges.  (DE #24(3); DE #24(2) ¶¶ 13, 14).  Any allegations that the stall doors are non-compliant have thus been rendered moot.  Plaintiff further argued at the hearing that the door from the seating area of the restaurant into the restroom was equipped with a key-pad lock mechanism that is not ADA-compliant.  However, Defendant explained and the Court finds, that the key-pad lock mechanism is not operational.  The key-pad lock was disabled and simply not removed because it would require replacement of the entire door handle.  Thus, the door is operated like any other door and the key-pad locking mechanism

11

does not impede access to the restroom.  Accordingly, the Court finds that the restaurant restrooms are ADA-compliant.

## IV.    Attorneys' Fees and Costs

Both sides have sought fees and costs.  As explained above, the Court finds that Defendant has remedied all the ADA violations that existed at its restaurant when the initial Complaint was filed.  A Plaintiff who initiates a lawsuit that causes the Defendant to voluntarily remedy ADA violations is not a prevailing party for purposes of attorneys' fees, and is not entitled to collect costs and fees. *Buckhannon v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 610 (2001) (rejecting "catalyst theory" as basis for recovery of fees and costs in ADA and FHAA cases); *see also Access 4 All, Inc. v. Casa Marina Owner, LLC*, 458 F.Supp. 2d 1359, 1366 (S.D. Fla. 2006) ("The resort's voluntary decision to remedy any alleged barrier to access does *not* entitle Plaintiff to attorneys' fees.").

With respect to Defendant's fees and costs, the Supreme Court has held that a civil rights plaintiff "should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, groundless, or that the plaintiff continued to litigate after it clearly became so." *Christiansburg Garment Co. v. EEOC*, 434 U.S. 412, 421 (1978) (cautioning courts to avoid finding action was unreasonable simply because plaintiff did not ultimately prevail).  In the instant case, like in the *Casa Marina* case discussed above, Plaintiff's counsel was "expressly advised" of the remedial action taken which ultimately rendered Plaintiff's claims moot.  *See Casa Marina*, 458 F.Supp. 2d at 1367.  Plaintiff was

12

so "expressly advised" before the filing of the Amended Complaint, but filed the Amended Complaint anyway, and further sought the extraordinary remedy of a temporary injunction to close Defendant's business. As the Court found in *Casa Marina*, Plaintiff here "insisted on pursuing his claims even after it became clear that [his] claims became frivolous, unreasonable and groundless." *Id.*

Furthermore, had Plaintiff done even a minimal amount of due diligence, he would have found that some of the claims, like the allegations relating to the inaccessible juke boxes that are decorative-only, were meritless even at the time of filing the initial Complaint. Because of this failure to engage in the due diligence required by Rule 11 of the Federal Rules of Civil Procedure, and Plaintiff's further insistence on proceeding with his claims after they were clearly rendered moot, the Court finds this lawsuit to be frivolous, unreasonable and groundless, subjecting Plaintiff to payment of Defendant's attorneys' fees and costs.

## V.   Conclusion

Based on the record and the evidence presented during the March 9, 2011 hearing, the Court finds that alleged ADA violations in Plaintiff's Amended Complaint are either moot or do not constitute barriers to access under the statute. As to the mooted claims, the Court is unable to grant any effective relief to Plaintiffs, and cannot maintain jurisdiction over those claims. The remaining claims, which the Court finds do not allege violations of the ADA, are subject to dismissal for failure to state a claim upon which relief can be granted.

13

Accordingly, for the foregoing reasons, and the Court being otherwise fully advised in the premises, it is hereby

**ORDERED, ADJUDGED, and DECREED** as follows:

1.    Defendant's Motion to Dismiss Complaint **(DE #25)** is **GRANTED**, and the above-styled case is **DISMISSED with prejudice.**

2.    Defendant's Motion for Sanctions **(DE #25)** is **GRANTED.** The Court retains jurisdiction to fix a reasonable fee and costs amount after memorandums and affidavits have been submitted by Defendant of the fees and costs it has incurred in defense of this litigation, and responded to by Plaintiffs.

3.    Defendant shall submit its memorandum and affidavits within **twenty (20) days** of the date of this Order.  Plaintiffs shall have **twenty (20) days** to respond to Defendant's memorandum with such memorandum and affidavits as they deem appropriate.

4.    All other pending motions are **DENIED as moot.**

5.    The Clerk shall **CLOSE** this case.

**DONE and ORDERED** in chambers at the James Lawrence King Federal Justice Building and United States Courthouse, Miami, Florida this 31st day of March, 2011.

JAMES LAWRENCE KING
U.S. DISTRICT JUDGE
SOUTHERN DISTRICT OF FLORIDA

14

cc:

### *Counsel for Plaintiff*

**Ronald E. Stern**
The Advocacy Law Firm
131 NE First Avenue,
suite 105
Hallandale, FL 33009
(305) 677-2378
Fax: (305) 359-5338
Email: ronsternlaw@gmail.com


### *Counsel for Defendants*

**Devona Alicia Reynolds**
Zarco Einhorn Salkowski & Brito, P.A.
100 S.E. 2nd Street
Ste. 2700
Miami, FL 33131
(305) 374-5418
Email: dreynolds@zarcolaw.com

**Scott R. Schomber**
McConnaughhay, Duffy, Coonrod, Pope & Weaver, P.A.
12000 Bicayne Blvd
Suite 707
Miami, FL 33181
(305) 933-5565
Fax: (305) 933-5585
Email: Sschomber@turnberry.com